UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREGORY KELLEY, PAIGE KELLY, MYRA GLASSMAN, MARSHALL MAUER, BARRY CARR, AND MOSHE DAVIS, as TRUSTEES OF SERVICE EMPLOYEES INTERNATIONAL UNION HEALTHCARE IL HEALTH AND WELFARE FUND, <br><br> and <br><br> THE SERVICE EMPLOYEES INTERNATIONAL UNION HEALTHCARE IL AND IN, <br><br> Plaintiffs <br><br> v. <br><br> THOMAS HEIN and PATRICK LAFFEY, <br><br> Defendants. | No. 1:17-cv-06636 <br><br><br><br><br><br><br><br><br><br> Judge Edmond E. Chang |

**MEMORANDUM OPINION AND ORDER**

The Plaintiffs, who are the trustees of a health and welfare fund and a labor union, bring this ERISA and wage nonpayment lawsuit.[1] The Defendants, Thomas Hein and Patrick Laffey, allegedly are officers in the companies responsible for making payments to the Fund and the Union. R. 31, Am. Compl. ¶¶ 3-9.[2] Hein and

---

[1]The Court has jurisdiction over the federal claim under 28 U.S.C. § 1331, and supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367 (if the Plaintiffs have standing to bring the state law claims, which is discussed later in the Opinion).

[2]Citation to the docket is "R." followed by the entry number and, when necessary, the relevant page or paragraph number.

Laffey moved to dismiss, alleging that the Court lacks personal jurisdiction over them for the state law claims, that all the claims are subject to dismissal under Federal Rule of Civil Procedure 12(b)(6), and that the two state law claims are preempted by federal law. R. 40, Mot. Dismiss. For the reasons stated below, the motion to dismiss Counts 2 and 3 is granted with leave to amend, but the motion to dismiss Count 1 is denied.

## I. Background

For the purposes of a motion to dismiss, the Court accepts the allegations in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Defendants Hein and Laffey are allegedly high-ranking executives in companies known as BT Terrance and KT Terrace (referred to in the Complaint as "the BT/KT Companies"). Am. Compl. ¶¶ 2-4. According to the Plaintiffs, the BT/KT Companies deducted fund contributions from their employees' paychecks, but did not remit those payroll deductions to the Fund. *Id.* ¶¶ 11-18. In the Plaintiffs' view, Hein and Laffey are fiduciaries with respect to the employee contributions. *Id.* ¶ 20. The BT/KT Companies similarly withheld money from employee paychecks as union dues, but did not tender those funds to the union. *Id.* ¶¶ 44-45. Hein and Laffey allegedly knew of and permitted the wrongful retention of union funds. *Id.* ¶ 46.

## II. Legal Standard

Defendants move to dismiss under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). When a defendant challenges personal jurisdiction, the plaintiff bears the burden of establishing that personal jurisdiction is proper. *Purdue Res. Found. v.*

*Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). When the motion is based on the submission of written materials, the plaintiff need only establish a *prima facie* case of personal jurisdiction. *GCIU-Employer Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1023 (7th Cir. 2009). The Court accepts the well-pleaded factual allegations and uncontroverted statements in the written materials as true and resolves any conflicts in favor of the plaintiff (absent an evidentiary hearing). *Purdue*, 338 F.3d at 782-83 & n. 14.

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson*, 551 U.S. at 94 (2007). A "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007)) (cleaned up).[3] These allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. And the allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 679.

---

[3]This opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

### III. Analysis

### A. Personal Jurisdiction

The Defendants do not contest that this Court has personal jurisdiction over them for purposes of Count 1. *See* Mot. Dismiss ¶ 1 (challenging personal jurisdiction only for Counts 2 and 3).[4] Instead, Hein and Laffey argue that this Court cannot exercise personal jurisdiction over them for Counts 2 and 3, which are state law claims under the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq*. R. 41, Def. Br. at 6-8. In federal-question cases, a federal court has personal jurisdiction over a defendant if either federal law or the law of the state in which the court sits authorizes service of process to that defendant. *Mobile Anesthesiologists Chi., LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010). Counts 2 and 3 are state law claims, so Illinois supplies the relevant law. An Illinois court can exercise personal jurisdiction over a nonresident to the extent that Illinois's long-arm statute authorizes jurisdiction, and to the extent that asserting personal jurisdiction comports with the Fourteenth Amendment's Due Process Clause. *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713-714 (7th Cir. 2002). Illinois's long-arm statute "permits service to the constitutional limits of its power," *Ariel Invs., LLC v. Ariel Capital Advisors LLC*, 881 F.3d 520, 521 (7th Cir. 2018), so "the state statutory and federal constitutional requirements merge." *uBid v. GoDaddy Grp., Inc.*, 623 F.3d 421, 425 (7th Cir. 2010); *see also* 735 ILCS 5/2-209(c).

---

[4]Under ERISA, nationwide service is proper "as long as the defendants have adequate contacts with the United States as a whole," enabling this Court to exercise jurisdiction. *Bd. of Tr., Sheet Metal Workers' Nat. Pension Fund v. Elite Erectors, Inc.*, 212 F.3d 1031, 1035 (7th Cir. 2000).

The Due Process Clause requires that a defendant make "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (cleaned up). Specific jurisdiction is warranted when a defendant has directed his activities at the forum state, and the cause of action relates to those activities. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985).

Hein and Laffey do not contest that they have sufficient minimum contacts with the forum state to satisfy the constitutional due-process inquiry. Instead, they argue that the Illinois "fiduciary shield" doctrine prevents this Court from exercising personal jurisdiction over them. Def. Br. at 6-8. Under the fiduciary shield doctrine, contacts that a defendant makes in the forum state on behalf of an employer or principal cannot be used to establish jurisdiction over a claim filed against the defendant as an individual. *Carter v. Siemens Bus. Servs., LLC*, 2010 WL 3522949, at *6 (N.D. Ill. Sept. 2, 2010). The doctrine is intended to protect a defendant from being haled into court for serving the interests of his employer or principal. *Id.* But the fiduciary shield doctrine "does *not* apply when the defendant's personal interests motivated his or her actions or when the defendant's actions were discretionary." *Heritage Vintage Investments, LLC v. KMO Dev. Grp., Inc.*, 2015 WL 12838162, at *5 (N.D. Ill. Dec. 11, 2015) (cleaned up).

At this stage, personal jurisdiction over Hein and Laffey for Counts 2 and 3 is secure. The complaint alleges that both Hein and Laffey are high-ranking officers in the relevant corporate entities. Am. Compl. ¶ 3-4. There is some dispute over which

5

entities employ Hein and Laffey, and what their respective positions are, but even the Defendants' own affidavits suggest that they are likely employees with discretion over the decision whether to operate in Illinois. Hein, per his own declaration, is the CEO of TM Healthcare Management, the company which provides management services to the BT/KT Companies. Def. Br. Exh. A, Hein Decl. Laffey is the president of BT Bourbonnais Care, LLC and KT Care, LLC. Def Br. Exh. B, Laffey Decl. ¶ 1.

The Fund's evidence confirms the inference that Hein and Laffey probably have discretion over the way the relevant companies operate. The Fund has shown that Hein had the authority to sign checks to the Fund drawn from the Companies' accounts. R. 44, Pl. Resp. Br. Exh. A. Hein also had the authority to enter into agreements for the payment of debts to the Fund. Pl. Resp. Br. at 6-7; *see also* Pl. Resp. Br. Exh. B. That evidence, along with the allegations in the Amended Complaint, is enough to infer that Hein had significant discretion over how the Companies operated, and he could decide whether or not to make contacts with Illinois.

The question is closer for Laffey, but the result is the same. In addition to Laffey's job title (President), which alone suggests authority, the Fund argues that Laffey exercised discretionary authority over the Companies' operations and the deducted wages. Pl. Resp. Br. at 7-8. They support this claim with the fact that Laffey had the authority to sign and verify the Companies' bankruptcy petitions. *Id. See also* Pl. Resp. Br. at Exh. C, BT Bankruptcy Petition; Pl. Resp. Br. at Exh. D, KT

6

Bankruptcy Petition. That is enough to infer that Laffey too had discretion over whether to make contacts with Illinois.

That said, although personal jurisdiction over the defendants is secure for now, discovery might reveal that either Hein or Laffey did not exercise discretion over their contacts with Illinois. If that is the case, then the parties may ask for permission to file an early motion for summary judgment on the personal jurisdiction issue.

### B. ERISA Claim (Count 1)

Moving on to the merits, Hein and Laffey argue that Count 1 fails to state a claim upon which relief can be granted. Def. Br. at 4. Count 1 is a claim for breach of fiduciary duty under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq*. The Fund's allegations are sufficient to state a claim for breach of fiduciary duty under ERISA against Hein and Laffey. To state a claim for breach of fiduciary duty, a plaintiff must allege that (1) the defendants are plan fiduciaries; (2) the defendants breached their fiduciary duties; and (3) the breach caused damage or loss to the plaintiff. *Jenkins v. Yager*, 444 F.3d 916, 924 (7th Cir. 2006). Under ERISA, plan fiduciaries can be personally liable for any losses arising out of a breach of fiduciary duty. 29 U.S.C. § 1109(a).

An individual is a fiduciary to an ERISA plan "to the extent he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets. … or [ ] he has any discretionary authority or discretionary responsibility in the administration of such plan." 29 U.S.C. § 1002(21)(A). That statutory definition

7

is broad, and the Seventh Circuit has consistently held that the definition of "fiduciary" should be construed expansively. *Mut. Life Ins. Co. of N.Y. v. Yampol*, 840 F.2d 421, 425 (7th Cir. 1988) (noting the Seventh Circuit's "consistently broad reading of that definition."); *Baker v. Kingsley*, 387 F.3d 649, 663-64 (7th Cir. 2004) (same).

Bearing in mind the expansive definition of "fiduciary," the Fund has done enough to allege that Hein and Laffey acted as fiduciaries with respect to the payments to the Fund. The complaint alleges that Hein and Laffey were both "fiduciaries with respect to the amount of employee contributions withheld from wages but not paid to the Fund" and that they "exercised discretionary authority or control respecting management or disposition of assets of the Fund." Am. Compl. ¶ 20. Based on those allegations, it is plausible that Hein and Laffey both exercised discretionary "control respecting management or disposition of" the ERISA plan's assets. 29 U.S.C. § 1002(21)(A).

Having decided that the Amended Complaint adequately pleads that Hein and Laffey are plan fiduciaries, the next question is whether it plausibly pleads that Hein and Laffey breached their fiduciary duties. Under ERISA, "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145. The Amended Complaint alleges that the BT/KT Companies are parties to a collective bargaining agreement, which required them to make monthly contributions to the Fund, Am.

8

Compl. ¶ 7-8, and that they breached that agreement by failing to pay the Fund, *id.* at 19. If true, that is an outright violation of 29 U.S.C. § 1145. Meanwhile, fiduciaries must "discharge [their] duties with respect to a plan solely in the interest of the participants and beneficiaries and [ ] for the exclusive purpose of: (i) providing benefits to participants and their beneficiaries; and (ii) defraying reasonable expenses of administering the plan." 29 U.S.C. § 1104(a)(1)(A). Withdrawing plan contributions from employee paychecks and failing to remit those monies to the fund is also a clear breach of the statute. The ERISA breach is adequately pled, so Count 1 survives the motion to dismiss.

### C. The Fund's IWPCA Claim (Count 2)

As an alternative theory of recovery, the Fund brings a claim under the Illinois Wage Payment and Collection Act, 820 ILCS 115/1. The Defendants argue that the IWPCA claim is preempted by ERISA. Def. Br. at 8-11.

The Seventh Circuit has consistently noted the broad reach of ERISA's preemption provision. *See, e.g., Cent. States, Se. and Sw. Areas Health and Welfare Fund by Bunte v. Am. Int'l Grp., Inc.*, 840 F.3d 448, 454 (7th Cir. 2016); *Land v. Chi. Truck Drivers, Helpers and Warehouse Workers Union (Indep.) Health and Welfare Fund*, 25 F.3d 509, 512 (7th Cir. 1994). ERISA preempts a state law claim "[(1)] if an individual at some point in time, could have brought his claim under ERISA's expansive civil enforcement mechanism . . . and [(2)] where there is no other independent legal duty that is implicated by a defendant's actions." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004). There is no dispute that the first prong is met,

9

because Claim 1 is the same claim brought under ERISA. The disagreement is about the second requirement—that is, whether any other independent legal duty is implicated by Hein and Laffey's actions. *See* Pl. Resp. at 10.

In this case, there is no independent legal duty for Hein and Laffey to pay the Fund apart from their duty under ERISA (at least on the facts alleged in the complaint). So the IWPCA claim does appear to be preempted, at least insofar as it is premised on the failure to make required payments to the Fund. *See Studer v. Katherine Shaw Bethea Hosp.*, 867 F.3d 721, 726 (7th Cir. 2017); *Cinecoe v. Boeing Co.*, 2017 WL 3872459, at \*5 (N.D. Ill. Sept. 5, 2017); *Smith v. OSF HealthCare Sys.*, 2017 WL 6021625, at \*4 (S.D. Ill. Dec. 5, 2017).

In their response brief, however, the Plaintiffs argue that Count 2 is actually a claim for wrongfully withheld employee wages. The point, according to the Plaintiffs, is that the wages were wrongfully withheld, which would give rise to an IWPCA claim regardless of the purpose for which the funds were earmarked. *See* Pl. Resp. at 9-10. But if Count 2 is really about wage theft from *employees*, not nonpayment to the Fund, then the Plaintiffs have a serious standing problem. It does not appear that the Plaintiffs (who are the Union and the trustees of the Fund) would have standing to complain of wage-theft injuries suffered by individual employees. So, on the facts as currently alleged, Count 2 must be dismissed either because it is preempted by ERISA or because the Plaintiffs do not have standing to bring a wage-theft claim on behalf of individual employees. But because the standing problem was not raised in the Defendants' initial brief (it was argued for the first time in the reply

brief, *see* R. 45, Def. Reply at 7-8), the Plaintiffs will have an opportunity to amend their complaint to add factual allegations in support of their standing to bring the IWPCA on behalf of their employees.

### D. The Union's IWPCA Claim (Count 3)

Finally, Hein and Laffey contend that the Union's claim under the IWPCA is preempted by the Labor Management Relations Act, 29 U.S.C. § 141 *et seq*. Def. Reply Br. 8-9. LMRA preemption is more limited than ERISA preemption. A state law claim is preempted by federal law if it would require interpretation of a collective bargaining agreement. *In re Bentz Metal Prods. Co.*, 253 F.3d 283, 285 (7th Cir. 2001). A CBA is interpreted according to the federal common law rules of contractual interpretation. *Cent. States, Se. & Sw. Areas Pension Fund v. Waste Mgmt. of Michigan, Inc.*, 674 F.3d 630, 634-35 (7th Cir. 2012). A contract only requires interpretation when it is ambiguous, and "contract language is ambiguous if it is susceptible to more than one reasonable interpretation." *Id.* (quoting *Neuma, Inc. v. AMP, Inc.*, 259 F.3d 864, 873 (7th Cir. 2001)).

In this case, LMRA preemption is a close call. The Defendants point to a number of supposed ambiguities in the CBA that they assert require interpretation—for example, the inclusion or exclusion of employees from the bargaining unit, the application of the grievance/arbitration procedure, and so on. *See* Def. Br. at 11-12. For the most part, however, the Defendants just splash these provisions against the wall and do not explain why those provisions are ambiguous, or why the Court would need to interpret them in the course of the litigation. *See* Def. Br. at 11-12. The

exception, however, is the identity of the employer. The CBA itself does not explicitly refer to any of the constellation of corporate entities associated with the BT/KT Companies. *See* R. 41-1, Collective Bargaining Agreement at 2 (referring to "represented Employers"). And, although the Amended Complaint alleges that "The BT/KT Companies, at all relevant times, have been a party to a collective bargaining agreement with SEIU," that appears to be incorrect: Plaintiffs admit in their response brief that they made a mistake about what corporate entities are parties to the CBA. Pl. Resp. at 2 n.1, 13. So, as things stand, the Court would need to look outside the four corners of the CBA and the Amended Complaint to figure out which corporate entities had what obligations under the CBA. That might not be quite the same thing as "interpreting" the CBA for LMRA preemption purposes, but it still might be a problem for notice pleading.

Finally, Count 3 runs into the same standing problem as Count 2—it is not clear why the Union has standing to complain of wage theft allegedly perpetrated against the employees. Perhaps there was some kind of assignment of the employees' right to bring IWPCA claims to the Union, but that is not clear from the face of the complaint or the other materials on the record. Accordingly, the Plaintiffs can also try to amend Count 3 to resolve the mistake as to the employer's identity and (if they can) the standing issue.[5]

---

[5]Because of the uncertainty about subject matter jurisdiction that will require amending the complaint, the Court cannot decide, right now, the Rule 12(b)(6) arguments as to Counts 2 and 3.

## IV. Conclusion

For the reasons stated above, the motion to dismiss Count 1 (the ERISA claim) is denied, as is the motion to dismiss Counts 2 and 3 for lack of personal jurisdiction. But the Defendants have flagged a potentially insurmountable standing problem with Counts 2 and 3 (and Count 3 also has a problem with its identification of the employer that is party to the CBA). So Counts 2 and 3 are dismissed for now, but with leave to amend the complaint to clarify (1) why the Plaintiffs have standing to bring those claims under the IWPCA; and (2) the proper identity of the corporate entity or entities that are party to the CBA.

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: September 4, 2018, 2018